UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| YUSEF LANG,<br>    Plaintiff, | :<br>:<br>: |
| v. | :   Case No. 3:20cv440(KAD) |
| PROGRAM DIRECTOR JOHN DOE,<br>    Defendant. | :<br>:<br>: |

## INITIAL REVIEW ORDER

**Preliminary Statement**

Plaintiff, Yusef Lang ("Lang"), currently incarcerated at the Carl Robinson Correctional Institution in Enfield, Connecticut, files this civil rights action against the Program Director for the Department of Correction. By Notice to the Clerk, Lang identified the Program Director as Mr. Murphy. *See* Notice, ECF No. 9. The Court directs the Clerk to substitute Program Director Mr. Murphy as a defendant for Program Director John Doe.

Lang alleges that he suffered emotional distress after watching a DVD as part of a domestic violence class because an actor in the DVD used a derogatory term. For the reasons set forth below, the complaint is dismissed.

**Standard of Review**

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* In undertaking this review, the court is obligated to "construe" complaints "liberally and interpret[] [them] to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (internal quotation marks and citation omitted).

Although detailed allegations are not required under Rule 8(a) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

**Factual Allegations**

On December 21, 2019, during the third session of Lang's Domestic Violence class, he watched a DVD about verbal abuse. *See* Compl., ECF No. 1, at 5 ¶ 1. In one of the scenes depicted in the DVD, a father referred to his son as a "fag." *Id.* ¶ 2. Lang, a gay or bi-sexual man, was appalled and offended by the use of this derogatory term. *Id.* After the DVD was over, he informed the instructor that he felt that the DVD should not be used as part of the class because it included a word that he found to be offensive, insensitive and inappropriate. *Id.* ¶ 3-4. The instructor stated that he was just following the approved curriculum for the class. *Id.* ¶ 3.

Lang sent a request to his counselor supervisor about the issue. *Id.* ¶ 5. She informed Lang that his concerns would be forwarded to Program Director Murphy. *Id.* ¶ 6. Lang also filed a grievance regarding the use of the DVD. *Id*.

**Discussion**

Lang contends that he suffered emotional distress from watching the DVD and should be

compensated monetarily. He seeks $20,000.00 in damages. Preliminarily, under 42 U.S.C. § 1997e(e), an inmate "confined in a jail, prison, or other correctional facility" may not file an action to "recover for mental or emotional injury suffered while in custody without a prior showing of physical injury." Lang has not alleged that he suffered a physical injury from watching the DVD. Thus, to the extent that Lang seeks monetary damages to compensate him for the emotional distress or anguish that he experienced in watching the DVD during his Domestic Violence class, that relief is unavailable and is dismissed. *See* 42 U.S.C. § 1997e(e).

Lang does not specify which, if any, constitutional rights were allegedly violated. He does not allege that he was deprived of any basic human needs or that the curriculum placed him at risk of serious harm as might implicate the Eighth Amendment. *See e.g. Farmer v. Brennan*, 511 U.S. 825, 834 (1994). And although Lang asserts that the video teaches "discrimination," he acknowledges in his complaint that the scene in the video was shown as an example of verbal abuse, and therefore inappropriate. Lang does not allege facts to suggest that the video condoned the use of this type or any other type of verbal abuse. Nor are there facts to suggest that Program Director Murphy sanctioned or approved the use of the video knowing that it would offend Lang or for the purpose of discriminating against him on the basis of his sexual orientation. Accordingly, nor do the allegations implicate the Equal Protection Clause of the Fourteenth Amendment. *See Phillips v. Girdich,* 408 F.3d 124, 129 (2d Cir.2005) (A plaintiff alleging a violation of his equal protection rights must show that he was treated differently than others similarly situated because of intentional or purposeful discrimination).

## CONCLUSION

Pursuant to the Notice, ECF No. 9, filed by Lang, the Court directs the Clerk to substitute Program Director Mr. Murphy as a defendant for Program Director John Doe. The claim for compensatory damages for emotional distress is **DISMISSED** pursuant to 42 U.S.C. § 1997e(e). To the extent that the complaint may be construed as seeking permissible damages, the claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) as they do not plausibly allege a violation of either the Eighth or Fourteenth Amendment. Having dismissed all of Lang's federal claims, the Court declines to exercise supplemental jurisdiction over any state law claims which may have been intended. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction."). Because there are no allegations in the complaint that suggest that Lang could assert a plausible federal claim against the defendant, no basis exists to permit Lang to file an amended complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (district court need not grant leave to amend when filing of amended complaint would be futile). The Clerk is directed to enter judgment for the defendant and to close this case.

SO ORDERED at Bridgeport, Connecticut this 1st day of June 2020.

\_\_\_/s/_____
Kari A. Dooley
United States District Judge